UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY SHARKEY,

      Plaintiff,

v.                    Case No. 8:16-cv-1518-T-33TBM

MEDLINE INDUSTRIES, INC.,

      Defendant.

_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, the Court remands this action to the Twelfth Judicial Circuit, in and for Sarasota County, Florida pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

**Discussion**

On November 13, 2014, Mary Sharkey, a 95-year-old woman, "was being pushed in her [Medline] wheelchair" when "suddenly and without warning, the front wheel fell off the wheelchair." (Doc. # 2 at ¶ 8). Sharkey "hit the pavement, head first and then hit her right shoulder and left knee." (Id.). On April 28, 2016, Sharkey filed a state court Complaint against Medline alleging strict liability (count 1); negligence (count 2); and negligent failure to warn,

recall, and or fix (count 3). (Doc. # 2). Medline was served with the Complaint on May 10, 2016, and filed an untimely Notice of Removal in this Court on June 13, 2016, predicating the Court's jurisdiction on complete diversity of citizenship. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Further, if "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Sharkey does not make a specified claim for damages. (Doc. # 2 at ¶ 1) (generally alleging damages exceeding $15,000). However, Medline's Notice of Removal postulates that the jurisdictional amount is met because Sharkey's counsel made a pre-suit demand for $500,000.00 in a

letter dated February 18, 2016. (Doc. # 1 at ¶ 3). That letter describes the medical treatment provided after Sharkey's fall and specifies that she has incurred $28,061.95 in "medical charges." (Doc. # 1 at 7). The demand letter further remarks that Sharkey "cannot be left alone due to the memory loss caused by her fall onto her head from the wheelchair" and that she requires "24 Hour In-Home Care" at the rate of $5,760.00 monthly. (Id.).

The Court's review of the demand letter leads to the conclusion that such letter, while describing potentially serious injuries, does not provide a basis for determining that the amount in controversy likely exceeds the jurisdictional threshold of $75,000.00. Sharkey's demand for $500,000.00 reflects mere posturing, rather than a reasonable assessment of the value of Sharkey's claim. See Standridge v. Wal-Mart Stores, 945 F. Supp. 252, 256 (N.D. Ga. 1996)(holding that a pre-suit demand letter was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking.").

The Court is aware that "district courts are permitted to make reasonable deductions and reasonable inferences and

need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." Keogh v. Clarke Envtl. Mosquito Mgmt., Inc., No. 8:12-cv-2874-T-30EAJ, 2013 U.S. Dist. LEXIS 20282, at *4-5 (M.D. Fla. Jan. 17, 2013)(internal citations omitted). Overall, the record is devoid of evidence to suggest that Sharkey's damages from this incident exceed the $75,000.00 amount in controversy threshold.

The Court recognizes that Sharkey has listed the following categories of damages in her Complaint: "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition." (Doc. # 2 at ¶ 26). However, the Court has not been provided with any information about these broad categories of damages. And, the manner in which Sharkey has described these categories of damages is so vague and inexact that the Court would be required to engage in rank speculation to ascribe these damages with any monetary value.

For instance, Sharkey seeks redress for aggravation of a preexisting condition, but does not state the manner in

4

which such preexisting condition has been exacerbated. Also, she claims to suffer from a "disability," and other damages, yet the file before the Court lacks information (beyond nebulous generalities) to support these allegations. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014)(granting motion to remand in slip and fall action where plaintiff "allege[d] a generic scattershot list of unspecified damages," which included personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future medical expenses and permanent injury.)

In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). As explained above, Medline falls short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   The  Clerk  is  directed  to  **REMAND**  this  case  to  the Twelfth  Judicial  Circuit,  in  and  for  Sarasota County, Florida.

(2)   After  remand  has  been  effected,  the  Clerk  shall  **CLOSE THE CASE**.

**DONE**  and  **ORDERED**  in  Chambers  in  Tampa,  Florida,  this 16th day of June, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6